**WEILAND, GOLDEN
SMILEY, WANG EKVALL & STROK, LLP**
Evan D. Smiley, State Bar No. 161812
esmiley@wgllp.com
Kyra E. Andrassy, State Bar No. 207959
kandrassy@wgllp.com
650 Town Center Drive, Suite 950
Costa Mesa, CA 92626
Telephone: 714-966-1000
Facsimile: 714-966-1002

Special Counsel for
Thomas H. Casey, Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
## SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>LLOYD MYLES RUCKER,<br><br>   Debtor. | Case No. 08:06-bk-10195-RK<br><br>Chapter 7 |
| THOMAS H. CASEY, Chapter 7 Trustee,<br><br>   Plaintiff,<br>vs.<br><br>WELLS FARGO ADVISORS, LLC, and LLOYD MYLES RUCKER, solely in his capacity as the trustee of the Lloyd Rucker Defined Benefit Pension Plan Trust, the Secure Capital Inc. 401(k) Profit Sharing Plan and Trust, the EZ Equity Inc. 401(k) Profit Sharing Plan and Trust, the Vision Capital 401(k) Profit Sharing Plan and Trust, and the IQ Capital, Inc. 401(k) Profit Sharing Plan and Trust,<br><br>   Defendants. | Adv. No. ____<br><br>**COMPLAINT FOR TURNOVER OF CUSTODY OF FUNDS PURSUANT TO 11 U.S.C. § 542(a) AND AN ACCOUNTING** |

Plaintiff Thomas H. Casey (the "Plaintiff"), the chapter 7 trustee of the bankruptcy estate of Lloyd Myles Rucker (the "Debtor"), is informed and believes and, based thereon, respectfully alleges as follows:

1

COMPLAINT

340542.3

## STATEMENT OF JURISDICTION AND VENUE

1. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157(b)(1) and 1334.

2. This proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (E) and (O).

3. Venue properly lies in this judicial district and this civil proceeding arises under title 11 of the United States Code as provided in 28 U.S.C. §1409.

## PARTIES

4. Plaintiff is the duly appointed chapter 7 trustee of the Debtor's bankruptcy estate, case number 08:06-bk-10195-RK, currently pending before the United States Bankruptcy Court, Central District of California, Santa Ana Division.

5. Defendant Wells Fargo Advisors, LLC ("Wells Fargo"), is a limited liability company organized under the laws of Delaware and authorized to conduct business in Florida and California, among other states. It is the successor to Wachovia Securities.

6. Lloyd Myles Rucker is the debtor in this case and is named in his capacity as the trustee of the Lloyd Rucker Defined Benefit Pension Plan Trust, the Secure Capital Inc. 401(k) Pension Plan and Trust, the EZ Equity Inc. 401(k) Profit Sharing Plan and Trust, the Vision Capital 401(k) Profit Sharing Plan and Trust, and the IQ Capital Inc. 401(k) Profit Sharing Plan and Trust.

## GENERAL ALLEGATIONS

7. When the Debtor filed his bankruptcy schedules, he disclosed his interest in the Lloyd Rucker Defined Benefit Pension Plan, the Secure Capital Inc. 401k Profit Sharing Plan, the EZ Equity Inc. 401k Profit Sharing Plan, and the Vision Capital 401k Profit Sharing Plan (together, the "Retirement Plans") and declared his beneficial interest in them exempt under California Civil Procedure Code § 704.115(b) as private retirement plans.

8.     In April 2006, Ronald A. Cunning, D.D.S., a creditor of the Debtor's, objected to the Debtor's claim of exemption in the Retirement Plans, contending that his interests were not exempt under the applicable law because the Retirement Plans had not been primarily designed and used for retirement purposes. A trial ensued. Eventually, the Bankruptcy Court issued its Memorandum Decision sustaining Cunning's objection and finding that because the Debtor's primary purpose in establishing and funding the Retirement Accounts was to shield his assets from Cunning, his beneficial interests in them were not exempt.

9.     The Debtor appealed to the United States District Court, Central District of California (the "District Court"). Pending the outcome of that appeal, the Debtor and Cunning stipulated to a stay pending appeal, contingent upon the Debtor's posting of a bond in the amount of $250,000, which he eventually posted.

10.    In March 2008, the District Court entered its order reversing the Bankruptcy Court's ruling and finding that the Debtor's beneficial interests in the Retirement Plans were exempt. Cunning appealed that decision to the Ninth Circuit Court of Appeals (the "Ninth Circuit") and, concerned that the Debtor would dissipate the funds, sought a stay of the District Court's decision pending appeal. The Debtor requested a partial stay, contending that he wanted to transfer the accounts owned by or in the name of the Retirement Plans (the "Retirement Accounts") and consolidate them with Wachovia Securities. The District Court ultimately entered an order granting a partial stay (the "Stay Order") that prohibited the Debtor from accessing or dissipating the funds on deposit in the Retirement Accounts during the pendency of the appeal to the Ninth Circuit, but allowing him to consolidate the funds with a single fund manager and to reallocate the funds among different investment products offered by that fund manager to preserve their value.

11.    The Trustee is informed that the Debtor transferred the Retirement Accounts to Wachovia Securities. The Trustee is informed that the account holders of the Retirement Accounts are the Lloyd Rucker Defined Benefit Pension Plan and the IQ

340542.3

Capital Inc. 401k Plan. The IQ Capital Inc. 401k Plan is the successor to the 401(k) Plans. The Trustee is informed and believes that Wells Fargo now owns Wachovia Securities. The Retirement Account numbers known to the Trustee as of February 2009 are 3082, 5808, and 8601. The former are for the Lloyd Rucker Defined Benefit Pension Plan and the latter is for the IQ Capital, Inc., 401(k) Plan.

12. In June 2009, the Ninth Circuit issued its opinion reversing the District Court and affirming the Bankruptcy Court. Although the Debtor filed a petition for rehearing, the Ninth Circuit issued its order denying that petition on August 19, 2009. The Ninth Circuit issued its mandate on August 27, 2009, so jurisdiction has transferred back to this Court for implementation of the ruling.

## CAUSE OF ACTION FOR TURNOVER

(Against both Defendants)

(11 U.S.C. § 542(a))

13. Plaintiff incorporates paragraphs 1 through 12 above as though fully set forth herein.

14. Pursuant to the Ninth Circuit's ruling, the Debtor's beneficial interest in the Retirement Plans and the Retirement Accounts is property of the Debtor's bankruptcy estate that may be administered by the Trustee.

15. Wells Fargo is in possession of the Retirement Accounts.

16. Because the Debtor's beneficial interest in the Retirement Accounts is property of the Debtor's bankruptcy estate and this interest is not of inconsequential value and benefit to the estate, Wells Fargo may be compelled to liquidate any investments of the Retirement Accounts and to turnover custody of the funds on deposit and the proceeds of the investments to the Trustee to hold in trust pending a determination of relevant tax issues.

## CAUSE OF ACTION FOR AN ACCOUNTING

17.   Plaintiff incorporates paragraphs 1 through 12 above as though fully set forth herein.

18.   Plaintiff has made multiple requests of the Debtor for detailed statements and an accounting of the funds belonging to the Retirement Accounts that are on deposit with Wells Fargo to verify that the Debtor has not dissipated any of the funds.

19.   Plaintiff has not received any response from the Debtor.

20.   Because the Debtor's beneficial interest in the Retirement Accounts is property of the Debtor's bankruptcy estate, the Plaintiff is entitled to an accounting of the Retirement Accounts, the Plaintiff seeks an accounting from Wells Fargo for the Retirement Accounts located at Wells Fargo from the time that the Retirement Accounts were opened at Wells Fargo (then known as Wachovia Securities) to the present.

21.   In addition, the Trustee seeks an accounting from the Debtor of the Retirement Accounts from 2006 through the present, including all account statements and documents filed with the United States Department of Labor and the Internal Revenue Service relating to the Retirement Plans.

## RELIEF REQUESTED

1.   For an order or judgment directing Wells Fargo and the Debtor to liquidate any investments held by the Retirement Accounts located at Wells Fargo and to turnover custody of the proceeds of those investments and the funds on deposit with Wells Fargo to the Trustee.

2.   For an order or judgment authorizing the Trustee to execute any documents reasonably required by Wells Fargo in order to comply with the Court's order or judgment.

3.   For an order requiring Wells Fargo to produce to the Trustee detailed statements for the Retirement Accounts located at Wells Fargo from the time that the Retirement Accounts were opened at Wells Fargo or its predecessor in interest, Wachovia Securities, to the present.

COMPLAINT

340542.3

4.  For an order requiring the Debtor to produce to the Trustee all account statements for the Retirement Accounts and all filings with the United States Department of Labor or the Internal Revenue Service from January 1, 2006, through the present.

5.  For such other and further relief as the Court may deem just and appropriate.

Dated: August 31, 2009

WEILAND, GOLDEN
SMILEY, WANG EKVALL & STROK, LLP

By: _____
KYRA E. ANDRASSY
Special Counsel for Thomas H. Casey,
Chapter 7 Trustee

COMPLAINT

340542.3

B104 (FORM 104) (08/07)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>THOMAS H. CASEY, Chapter 7 Trustee | **DEFENDANTS**<br>WELLS FARGO ADVISORS, LLLC, and LLOYD MYLES RUCKER |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Kyra Andrassy<br>WEILAND, GOLDEN, SMILEY, WANG EKVALL & STROK<br>650 Town Center Drive<br>Costa Mesa, CA 92626<br>714/966-1000 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>[ ] Debtor  [ ] U.S. Trustee/Bankruptcy Admin<br>[ ] Creditor  [ ] Other<br>[X] Trustee | **PARTY** (Check One Box Only)<br>[ ] Debtor  [ ] U.S. Trustee/Bankruptcy Admin<br>[ ] Creditor  [X] Other<br>[ ] Trustee |
| **CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)<br>COMPLAINT FOR TURNOVER OF CUSTODY OF FUNDS PURSUANT TO 11 U.S.C. SECTION 542(a) AND AN ACCOUNTING ||

**NATURE OF SUIT**
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
[ ] 11-Recovery of money/property - §542 turnover of property
[ ] 12-Recovery of money/property - §547 preference
[ ] 13-Recovery of money/property - §548 fraudulent transfer
[ ] 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
[ ] 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
[ ] 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
[ ] 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
[ ] 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
[ ] 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
[ ] 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
[ ] 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny
(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
[ ] 61-Dischargeability - §523(a)(5), domestic support
[ ] 68-Dischargeability - §523(a)(6), willful and malicious injury
[ ] 63-Dischargeability - §523(a)(8), student loan
[ ] 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
[ ] 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
[ ] 71-Injunctive relief – imposition of stay
[ ] 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
[ ] 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
[ ] 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
[ ] 01-Determination of removed claim or cause

**Other**
[ ] SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
[ ] 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| [ ] Check if this case involves a substantive issue of state law | [ ] Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| [ ] Check if a jury trial is demanded in complaint | Demand $ 500K - $1,000,000 |

Other Relief Sought  turnover of custody of funds and an accounting

B104

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>LLOYD MYLES RUCKER | BANKRUPTCY CASE NO.<br>05-43170-BCK-RAM | |
| DISTRICT IN WHICH CASE IS PENDING<br>CENTRAL | DIVISION OFFICE<br>SANTA ANA | NAME OF JUDGE<br>HON. ROBERT KWAN |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** | | |
| PLAINTIFF<br>THOMAS H. CASEY | DEFENDANT<br>LLOYD MYLES RUCKER | ADVERSARY PROCEEDING NO.<br>8:06-ap-01340-RK |
| DISTRICT IN WHICH ADVERSARY IS PENDING<br>CENTRAL | DIVISION OFFICE<br>SANTA ANA | NAME OF JUDGE<br>HON. ROBERT KWAN |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>*[signature]* | | |
| DATE<br>8/31/09 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Kyra Andrassy | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

Case 8:09-ap-01513-RK   Doc 1   Filed 08/31/09   Entered 08/31/09 15:15:04   Desc
Main Document      Page 9 of 9

| Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number | FOR COURT USE ONLY |
|---|---|
| Evan D. Smiley #161812/Kyra Andrassy#207959<br>WEILAND, GOLDEN, SMILEY, WANG EKVALL & STROK, LLP<br>650 Town Center Drive<br>Suite 950<br>Costa Mesa, CA 92626<br>714/966-1000<br>714/966-1002<br><br>Attorney for Plaintiff Thomas H. Casey, Chapter 7 Trustee | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| In re: LLOYD MYLES RUCKER,<br><br>Debtor. | CHAPTER 7<br>CASE NUMBER 8:06-bk-10195 RK<br>ADVERSARY NUMBER |
|---|---|
| THOMAS H. CASEY, Chapter 7 Trustee,<br>vs.     Plaintiff(s),<br>WELLS FARGO ADVISORS, LLC, and LLOYD MYLES RUCKER, **<br>Defendant(s). | *(The Boxes and Blank Lines below are for the Court's Use Only) (Do Not Fill Them In)*<br><br>**SUMMONS AND NOTICE OF STATUS CONFERENCE** |

TO THE DEFENDANT: A Complaint has been filed by the Plaintiff against you. If you wish to defend yourself, you must file with the Court a written pleading, in duplicate, in response to the Complaint. You must also send a copy of your written response to the party shown in the upper left-hand corner of this page. Unless you have filed in duplicate and served a responsive pleading by _____ , the Court may enter a judgment by default against you for the relief demanded in the Complaint.

A Status Conference on the proceeding commenced by the Complaint has been set for:

| **Hearing Date:** | **Time:** | **Courtroom:** | **Floor:** |
|---|---|---|---|
| ☐ 255 East Temple Street, Los Angeles | | ☐ 411 West Fourth Street, Santa Ana | |
| ☐ 21041 Burbank Boulevard, Woodland Hills | | ☐ 1415 State Street, Santa Barbara | |
| ☐ 3420 Twelfth Street, Riverside | | | |

PLEASE TAKE NOTICE that if the trial of the proceeding is anticipated to take less than two (2) hours, the parties may stipulate to conduct the trial of the case on the date specified, instead of holding a Status Conference. Such a stipulation must be lodged with the Court at least two (2) Court days before the date set forth above and is subject to Court approval. The Court may continue the trial to another date if necessary to accommodate the anticipated length of the trial.

Date of Issuance: _____

**JON D. CERETTO**
**Clerk of the Bankruptcy Court**

By:_____
Deputy Clerk

** solely in his capacity as the trustee of the Lloyd Rucker Defined Benefit Pension Plan Trust, the Secure Capital Inc. 401(k) Profit Sharing Plan and Trust, the EZ Equity Inc. 401(k) Profit Sharing Plan and Trust, the Vision Capital 401(k) Profit Sharing Plan and Trust, and the IQ Capital, Inc. 401(k) Profit Sharing Plan and Trust,

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009 (COA-SA)

**F 7004-1**
F70041